# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRY SWANIGAN**
**ADC #101568**                                                                                          **PLAINTIFF**

V.                              NO. 4:24-cv-371-JM-ERE

**GARY MUSSELWHITE,** *et al.*                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedures for Filing Objections:

This Recommendation has been sent to United States District Judge James M. Moody Jr. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

### II.  Background:

*Pro se* plaintiff Terry Swanigan, an Arkansas Division of Correction ("ADC") inmate and self-proclaimed Nazarite, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc 2*. Mr. Swanigan alleges that: (1) in March 2023, Defendant Merlin Fitzpatrick violated his First Amendment rights by disciplining him for refusing to

cut his hair in violation of the ADC grooming policy; (2) 60 days later, in May of 2023, Quintin Mixon violated his First Amendment rights by disciplining him for refusing to cut his hair in violation of the ADC grooming policy; and (3) Defendant Joshua Mayfield denied his request for a religion accommodation. In addition, the complaint attachments indicate that Defendant Gary Musselwhite found Mr. Swanigan's grievance raising this issue to have no merit. *Doc. 2 at 7*. Mr. Swanigan alleges that his religion prohibits him from cutting his hair.[1] He names Defendants Fitzpatrick, Mixon, Mayfield, and Musselwhite, in both their individual and official capacities, seeking monetary damages and injunctive relief.

Defendants have filed a motion for judgment on the pleadings and a brief in support of their motion. *Docs. 15, 16*. Mr. Swanigan has not responded to Defendants' motion, and the time for doing so has passed. *Doc. 17*. The motion is ripe for review.

For the reasons stated below, Defendants' motion for judgment on the pleadings (*Doc. 15*) should be GRANTED.

---

[1] In his motion for a temporary restraining order, Mr. Swanigan further explains that as a Nazarite, "no razor shall pass over his head." *Doc. 3 at 1*.

**III.   Discussion:**

    **A.   Standard**

When deciding a motion for judgment on the pleadings, the "court must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). A court may grant a motion for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id*.

The standard for ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss under 12(b)(6).[2] For the case to proceed, Mr. Swanigan's complaint allegations "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

---

[2] Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." See *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014) (holding that a 12(c) motion for judgment on the pleadings is reviewed the same as a 12(b)(6) motion to dismiss).

### B.     First Amendment Claim

The First Amendment provides that, "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." U.S. Const. Amend. I. The Free Exercise Clause prohibits government action that infringes the practice of a sincerely held religious belief. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993); *Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006). Prison regulations alleged to infringe on constitutional rights are judged under a "reasonableness" test. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). That is, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest." *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 81 (1987)).

To assess the constitutionality of a prison regulation in this context, courts employ a four-factor test. *Turner*, 482 U.S. at 81. Courts must consider: (1) whether there is a "valid rational connection" between the prison regulation and the government interest justifying it; (2) whether there is any alternative means for exercise of the asserted right; (3) whether an accommodation would have "a significant ripple effect" on the guards, other inmates, and prison resources; and (4) whether there is an alternative that fully accommodates the prisoner "at de minimis cost to valid penological interests." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982-83 (8th Cir. 2004) (quoting Turner, 482 U.S. at 89-91). A prisoner does not have

to be afforded his preferred method of practicing his religion so long as he is afforded a sufficient means to practice. *Id*.

To proceed on his First Amendment claim, Mr. Swanigan's complaint must allege facts to allow a reasonable fact finder to conclude that the ADC grooming policy "substantially burdened" his ability to practice his religion. *Holt v. Hobbs*, 574 U.S. 352, 361 (2015). In this context, substantial burden means:

> significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); *Murphy*, 372 F.3d at 988 (quoting *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997)).

For purposes of this Recommendation, I assume that Mr. Swanigan's adherence to the Nazarite faith is a sincerely held religious belief. However, based on the current record before me, Mr. Swanigan has failed to allege any facts to arguably show: (1) any tenant of his religion the ADC grooming policy allegedly violated; or (2) how the ADC grooming policy "substantially burdens" his religion. Rather, Mr. Swanigan simply states that, on two occasions in 2023, he received disciplinaries for refusing to cut his hair in violation of the ADC grooming policy. Mr. Swanigan does not allege any facts regarding whether the length of his hair (or the manner in which he wears his hair) is a "central tenant" of his religion. Nor does

5

he explain how cutting his hair prevents him from "reasonable opportunities to engage in [] activities that are fundamental to [his] religion."

While the Eighth Circuit has held that a prison policy "that compels an inmate to choose between violating his religious beliefs or violating the policy and incurring disciplinary action imposes a substantial burden," here, Mr. Swanigan fails to explain what religious beliefs the ADC grooming policy violates. *Holt*, 574 U.S. at 361. Without any further explanation as to how his refusal to cut his hair on two occasions more than fifteen months ago has prevented him from practicing or negatively impacted the practice of his religion, Mr. Swanigan's complaint fails to state a plausible First Amendment claim for relief.

In addition, Mr. Swanigan's factual allegations as to Defendant Musselwhite relate solely to his participation in the grievance process. As a matter of law, Defendant Musselwhite's participation in the grievance process is insufficient to establish liability under 42 U.S.C. § 1983. *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpub. per curiam).

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for judgment on the pleadings (*Doc. 15*) be GRANTED. This case is dismissed without prejudice.

2. Mr. Swanigan's motion for a temporary restraining order and preliminary injunction (*Doc. 3*) be DENIED, as moot.

3. The Clerk be instructed to close this case.

DATED 20 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE